IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR-99-31-E-BLW |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MELISSA LEIGH BIRD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion to Reconsider or Waive
Fine Imposed (Docket No. 252). The Government has filed an Objection (Docket
No. 258) to the Motion.

Having reviewed the record, and being otherwise fully informed, the Court
enters the following Order.

## BACKGROUND

On November 8, 1999, Defendant was sentenced to a term of imprisonment
of 97 months, a fine of $900, and a special assessment of $300 following
conviction for conspiracy to possess methamphetamine, possession of

**ORDER - 1**

methamphetamine, and use of a firearm during a drug trafficking crime. *See*

Judgment (Docket No. 143). Almost three years later, Defendant filed the pending

motion challenging the imposition of the fine on the grounds that the Court ignored

evidence that she was indigent. Defendant contends that it is a hardship for her to

pay the fine out of her prison earnings and that she will be unable to pay the fine

during her incarceration.

The Government responded that indigency alone does not provide grounds

for waiver and that a payment schedule may be set up during supervised release to

pay any balance owing on the fine.

## APPLICABLE LAW AND DISCUSSION

District courts have limited power to modify sentences after imposition. *See*

*United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). After sentencing, the

district court's jurisdiction to hear sentencing issues must be authorized by rule or

statute. *Id.*

Defendant's Motion to Reconsider or Waive Fine was not brought pursuant

to any particular rule or statute. It does not appear that any avenue for challenging

the fine exists for Defendant. A sentence to pay a fine can be modified or remitted

under 18 U.S.C. § 3573, corrected under Fed. R. Crim. P. 35 and 18 U.S.C. § 3742,

or appealed and modified under 18 U.S.C. § 3742. *See* 18 U.S.C. 3572(c).

**ORDER - 2**

Defendant's motion cannot be considered a motion pursuant to 18 U.S.C. § 3573 because that statute provides for petitions *of the Government*.  It cannot be considered a Rule 35 motion to correct or reduce her sentence because the allegations do not fit into any provision of that Rule.  *See* Fed. R. Crim. P. 35. Rule 35(a) pertains to corrections made *within seven days* after sentencing resulting from arithmetical, technical, or other clear error.  Rule 35(b) pertains to motions made *by the Government* for reduction based on substantial assistance. Finally, the provisions for modification of a sentence under 18 U.S.C. § 3742 are available only upon direct appeal which Defendant admittedly did not pursue. Accordingly, this Court has no jurisdiction to address the merits of Defendant's motion.

The Court has also considered whether to treat Defendant's motion as seeking relief under 28 U.S.C. § 2255.  However, the Ninth Circuit, along with several other circuits, has held that § 2255 proceedings are available only to prisoners seeking release from custody and not to those who are challenging only fine or restitution orders.  *See United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999).  *See also Blaik v. United States,* 161 F.3d 1341, 1343 (11th Cir. 1998); *Barnickel v. United* States, 113 F.3d 704, 706 (7th Cir. 1997).  *Smullen v. United States*, 94 F.3d 20, 25-26 (1st Cir. 1996); and *United States v. Segler*, 37 F.3d

**ORDER - 3**

1131, 1136 (5th Cir. 1994).  In any event, the time for filing a § 2255 motion

expired one year after the judgment of conviction became final.  *See* 28 U.S.C.

§ 2255, para. 6.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion

to Reconsider or Waive Fine Imposed (Docket No. 252) is DENIED.


DATED:  **July 7, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court


**ORDER - 4**